Same.

————◄●●►————

JOSEPH T. MOSS, Plaintiff in Error, v. MICHAEL W. GREEN, Defendant in Error.

1. *Contract—Evidence—Writing.*—Where a written memorandum of a contract does not purport to be a complete expression of the entire contract, or a part only of the contract is reduced to writing, the matter thus left out of the writing may be supplied by parol evidence.
2. *Contract — Consideration — Promise.*—A promise is a sufficient consideration for a promise where there is an absolute mutuality of engagement, so that each party has the right to hold the other to a positive agreement.

*Error to Second District Court.*

*Abner Green*, for plaintiff in error.

I. The written contract not purporting to state the particulars, it was perfectly competent to offer parol testimony to explain parts of it on which the writing was silent, such proof not being contradictory to the writing—2 Phil. Ev. 772, Lond. ed ; 1 Greenl. Ev. § 284, *a.;* 3 Cow. & H. Notes to Phil. Ev. 1471–2; Rollins v. Claybrook, 22 Mo. 405. No objection was made to the introduction of parol testimony for this purpose.

*Jno. L. Thomas*, for defendant in error.

I. No contract binding upon any one was proven in this case. The paper sued on is not sufficient to bind any one.

II. Parol evidence was inadmissible to explain, add to, or vary the written agreement or memorandum—7 Mo. 515; 1 Mo. 640.; 5 Mo. 101.

III. The agreement, if any ever existed, was against public policy, and therefore void.

WAGNER, Judge, delivered the opinion of the court.

This was an action brought by the plaintiff against the defendant to recover of him one hundred dollars, alleged to be due on the 1st day of November, 1864. The plaintiff alleges in his petition that he and defendant and one George Moss entered into an agreement at that time, by which they mutually stipulated and agreed that if either of said parties should be drafted as a soldier in the army, the others would each pay him one hundred dollars to aid him in hiring or procuring a substitute; and that a memorandum in writing was drawn up by defendant to show the amount each subscriber thereto would pay. And the plaintiff alleges that soon after the making of said contract he was drafted into the military service of the United States, and had to pay $700 to procure a substitute. The defendant in his answer denies that a sufficient contract was made, and states that the writing was a mere memorandum preparatory to making a contract. The trial was had before the Circuit Court without a jury, and upon the evidence adduced the court found that there was a contract entered into between the parties as above set out, and found for the plaintiff. The case was then taken to the District Court, where the judgment of the Circuit Court was reversed, and the plaintiff sued out his writ of error to this court.

On what grounds the District Court reversed the judgment of the Circuit Court we have not been able to ascertain. No objections were made to the introduction of the evidence on the trial, establishing the contract and its terms; and if objections had been taken, we are of opinion that the evidence was clearly admissible. For whilst parol evidence is inadmissible to contradict, alter, or vary a written agreement, yet

where a written memorandum of a contract does not purport to be a complete expression of the entire contract, or a part only of the contract was reduced to writing, the matter thus left out of the writing may be supplied by parol evidence—Rollins v. Claybrook, 22 Mo. 405 ; 1 Greenl. Ev. § 284, a. The evidence well sustained the judgment of the Circuit Court, and even were it less strong we should not consider that we were justified in disturbing it.

The consideration was ample to support the contract. A promise is a sufficient consideration for a promise where there is an absolute mutuality of engagement, so that each party has the right to hold the other to a positive agreement —Pars. on Contr. 448, 5th ed.

Thus in a case where A. conveyed to B. a tract of land containing 221 acres more or less, some years afterwards it was mutually agreed to have the land surveyed, and, if it were found to contain more than 221 acres, the defendant should pay the plaintiff ten dollars per acre for the excess ; if it fell short, the plaintiff was to refund to the defendant at the same rate;—held mutual promises, and one a good consideration to support the other—How v. O'Mally, 1 Murphy, 287, and note z. to 1 Pars. *supra.*

The judgment of the District Court must be reversed, and that of the Circuit Court affirmed.

The other judges concur.