O'NEIL v. CRAIN *et al.*, *Appellants*.

1. **Hearsay Evidence.** Testimony of statements made by one, not a party to the suit, and not made in the presence of a party, is hearsay evidence, and inadmissible; and, if material, its admission is a reversible error.

2. **Statute of Frauds**: INCOMPLETE MEMORANDUM OF CONTRACT: PAROL EVIDENCE. A request in writing by defendants of plaintiff to get them a certain number of hogs, is a sufficient memorandum under the statute of frauds, of a contract to receive and pay for such hogs; and parol evidence is admissible to show the price agreed upon.

*Appeal from Linn Court of Common Pleas.*—HON. THOMAS WHITAKER, Judge.

*S. P. Huston* for appellant.

1. The question asked the witness, Black, elicited hearsay, pure and simple—a most subtle poison supplied to the jury with the approbation of the court. 2. There was no sufficient memorandum in writing under the statute of frauds. Crain's letter neither identifies the hogs by quality, kind, age, weight or otherwise, nor names a price. Browne on the Statute of Frauds, (3 Ed.) §§ 371, 385; *King v. Wood*, 7 Mo. 389.

*A. W. Mullins* for respondent.

NORTON, J.—This is a suit for the recovery of damages, growing out of an alleged breach of contract on the part of defendants, in refusing to receive and pay for three hundred and sixty hogs, claimed to have been sold to them by plaintiff. The answer denied the allegations of the petition, and interposed the statute of frauds, alleging that the contract was for the sale of personal property, and that there was no sufficient note or memorandum in writing of the same. Judgment was rendered for plaintiff, on the trial, from which, after timely motions for a new trial and arrest had been overruled, defendants have appealed to this court. A reversal of the judgment is sought, on the ground that the court admitted illegal evidence.

During the progress of the trial, a witness, on behalf of plaintiff, was permitted to detail the statements made to him by one Black, in regard to the reason why Blossom, one of the defendants, would not receive and pay for the hogs, which plaintiff offered to deliver under his contract. This evidence was objected to, on the ground that it was mere hearsay. This objection, we think, should have been sustained, and the evidence rejected. Black was not a party to the suit, nor were the statements given in evidence, made either in the presence of Blossom or any other of the defendants. The evidence elicited from this witness was material, inasmuch as it showed an admission, on the part of Blossom, that he did not refuse the hogs because they were not such as plaintiff had agreed to deliver him, but because the price had gone down since he had contracted for them.

It is also argued that the written memorandum of the contract, offered in evidence, was not sufficient to take the case from the operation of the statute of frauds, and that parol evidence could not be received to supply any of its terms. Parol evidence is clearly inadmissible to contradict, alter, or vary a written contract, but when a writ-

ten memorandum of a contract does not purport to be a complete expression of the entire contract, or a part of it only is reduced to writing, the matter thus omitted may be supplied by parol evidence. *Rollins v. Claybrook*, 22 Mo. 407; *Moss v. Green*, 41 Mo. 389; *Briggs v. Munchon*, 56 Mo. 467; 1 Green. Ev., § 284*a*. The memorandum offered in evidence, was as follows: "Brookfield, September 10th, 1874. William O'Neil, you will please get us 360 hogs instead of 250, if you can, so as to make three car loads at your place. Be careful about the weights.

I. I. CRAIN, BRO. & Co."

The memorandum is silent as to the price to be paid, and does not purport to express the entire contract, and the evidence offered to explain it, in this particular, being in no wise contradictory to the writing, was, under the authorities cited, properly admitted. Because of the reception of illegal evidence, as hereinbefore indicated, the judgment will be reversed and the cause remanded.

REVERSED.