## J. T. MORRIS, Respondent, v. J. H. MAHN, Appellant.

### Springfield Court of Appeals, December 5, 1921.

1. **FRAUDS, STATUTE OF:** Vendor, who Received Entire Consideration, Held not Entitled to Invoke Statute. Vendor to oral contract for the sale of land which was subsequently reduced to writing as to one feature, cannot, after receiving the entire consideration to which he was entitled, invoke the rule that the statute requires all terms and provisions of such an agreement to be reduced to writing.

2. **EVIDENCE:** Parol Evidence Rule not Applicable to Memorandum Showing it did not Contain All Terms. Where a writing signed by both parties to a contract for the sale of land did not, on its face, purport to cover the entire contract, but merely related to increased advance payments and the cost of the abstract, the rule that a written contract cannot be added to by parol evidence does not apply.

3. **APPEAL AND ERROR:** Fact Findings Supported by Evidence not Disturbed. Findings of fact by the trial court, which are supported by convincing evidence, cannot be changed by the appellate court.

4. **JUSTICES OF THE PEACE:** Statement before Justice Held to Support Judgment for Unearned Premium of Insurance Policy. A statement before the justice of the peace that plaintiff purchased from defendant real property under an agreement that the insurance policy covering it was to be delivered to plaintiff as part of the consideration, and that after the payment of the purchase money, defendant, without plaintiff's knowledge or consent, obtained possession of the policy, had it canceled, and received and appropriated to his own use the unearned premium, was sufficient to support a judgment for the plaintiff for the amount of the unearned premium.

Appeal from Circuit Court of Webster County.—*Hon. Charles H. Skinker, Judge.*

AFFIRMED.

*J. P. Smith* and *L. P. Main* for appellant.

(1)   The agreement as to the .insurance policy, if made as plaintiff claims as a part of the original contract, was within the Statute of Frauds and must be in writing. Duncan v. Spencer, 211 S. W. 698; Reigart v. Mfrs. Coal & Coke Co., 217 Mo. 142; Ringer v. Holzclaw, 112 Mo. 523; Boyd v. Paul, 125 Mo. 13; Nally v. Reading, 107 Mo. 350.   (2)   A memorandum of the agreement having been entered into which made no mention of the insurance policy, evidence concerning it was inadmissible as seeking to add to the terms of the written instrument. Duncan v. Spencer, 211 S. W. 698; Boyd v. Paul, 125 Mo. 10; Hei v. Heller, 10 N. W. 620, 622; Bucklew v. Bryon, 153 Mo. App. 673.   (3)   The statement in justice court being based on conversion will not support a judgment under evidence tending to show breach of contract.   Sandeen v. Railway Co., 79 Mo. 278; Carson v. Cummings, 69 Mo. 325; Parker v. Rhodes, 79 Mo. 88; Lumpkin v. Collier, 69 Mo. 170.

*Dickey & Dickey* for respondent.

(1)   The complete performance of a parol agreement for the sale of land, by one contracting party precludes the other from interposing the Statute of Frauds as a defense to an action upon it.   Davis v. Greenlee, 212 S. W. 22, 25; Bless v. Jenkins, 129 Mo. 647, 657; Maupin v. C. R. I & P. Ry. Co., 171 Mo. 187, 197; Cape Girardeau and Chester R. R. Co. v. Wingerton, 129 Mo. App. 426, 431; Lambert v. St. L. & G. Ry. Co., 212 Mo. 692, 707; Young v. Montgomery, 28 Mo. 604.   (2)   The evidence shows that the statement drawn up by Mr. Conrad for appellant and respondent was intended to be, and was, only a statement regarding the payment of an abstract and was not intended to be, and was not, a memorandum of the contract of sale and under the holdings of our courts it was not sufficient as such a memorandum had it been so intended.   Holding v. Kinsinger, 191 S. W.

1078; Kelly v. Thuey, 143 Mo. 422. (3) The formal technical rules of pleading and nice distinctions separating different forms of action, such as conversion and breach of contract, do not apply to suits before justices of the peace. Forms and formal pleadings are dispensed with in Justice Courts. Force v. Squier, 133 Mo. 306; Caughlin v. Lyons, 24 Mo. 533; Glenn v. Weary, 66 Mo. App. 75; Hale v. Van Dever, 67 Mo. 732. (4) If formal pleadings were required and nice distinctions made as to different kinds of actions in justice courts, still there is sufficient evidence in this case to sustain the judgment of the trial court because an action for conversion will be sustained by proof in plaintiff either of a legal or equitable right of property or of a right to the immediate possession of it. Possession may be actual or constructive. Swinney v. Gouty, 83 Mo. App. 549, 552; O'Toole v. Lowenstein, 188 S. W. 1123. (5) Appellant's attack on the validity of the judgment rendered, upon the ground that the action sounded in conversion while the evidence tended to show a breach of contract, is not reviewable because the rule is well settled that an appellate court will not convict the trial court of error in such cases where the entire evidence is not presented in the abstract. Gooden v. Modern Woodmen of America, 194 Mo. App. 666, 675; Johnson v. Kansas City Electric Light Co., 232 S. W. 1094, 1097; Fronk v. Fronk, 159 Mo. App. 543, 546; Harrison v. Pounds, 190 Mo. 349, 351.

FARRINGTON, J.—This suit was brought in the justice court for the recovery of the sum of $32.20 unearned premium on a fire insurance policy. The statement filed in the justice court sets out that the plaintiff on or about June 21, 1919, purchased from defendant certain real property situated in Marshfield, Mo. That the buildings on same were insured for $1150, paid up policy, and that there was at that time an unearned premium to the amount of $32.20. That by agreement between plaintiff and defendant said policy was to be and was placed with the deed in escrow in the bank, to be deliv-

208 M. A.—37

ered to plaintiff with the deed on approval of the abstract as a part of the consideration moving in said real estate purchase. That after the payment of the purchase money by the plaintiff, the defendant, without plaintiff's knowledge or consent, obtained possession of the policy, had same cancelled and received the unearned premium and appropriated the same to his own use and refused to refund the same to plaintiff, wherefore judgment was asked. The case was tried in the circuit court on appeal from the justice court before the circuit judge sitting as a jury, who rendered a judgment in favor of the plaintiff and it is from this judgment that defendant appeals.

It is admitted by both parties that when this deal was agreed upon between plaintiff and defendant for the purchase of this house and lot that the whole contract was oral; that the amount to be paid for the same by plaintiff was $1200; that while the abstract was being made up some question came up about the abstract expense, and it is clearly shown that this controversy brought about the execution of the following writing, which written memorandum, as we view it, is the turning point in this case. As stated before, both parties admitted that the original contract was all oral. Both now admit that the plaintiff fully carried out all of the terms that he was obligated to perform. They also admit that during the pendency of the transaction, after the oral contract was made, a controversy came up about the expense of the abstract, and both admitted that when the contract was originally made $100 was deposited in the Bank of Marshfield by the plaintiff, and that afterwards a mortgage on the property coming due the defendant desired the sum of $600 to be paid to him by the plaintiff, and that the plaintiff put up the $600 in lieu of the $100 that had already been deposited by him.

There is a controversy over whether the insurance policy was intended to go with the trade and form a part of the consideration, the plaintiff contending that the defendant agreed that the unearned premium and policy would be delivered when the purchase money was paid;

the defendant on the other hand contending that nothing was said concerning it. Plaintiff testified that the policy was put up in escrow by the defendant when the trade was originally made, and at the same time he, the plaintiff, deposited the $100, but they further agreed that when this controversy came up about the expense of the abstract and the question of paying $600 as part purchase price instead of $100, they dropped into the law office of Seth Corad, a lawyer at Marshfield, Mo., and he drew up the following memorandum, which they both signed:

"June 21, 1919.

"It is agreed by the undersigned that six hundred dollars is to be deposited in the First National Bank of Marshfield with this agreement, said six hundred dollars to be turned over to John Mahn on Frank Morris approving abstract of title to lot in Marshfield with residence in which Lige Warden now lives. Said Morris having purchased said lot on approval of abstract. All expense on abstract to said property in excess of two dollars to be borne by said John Mahn, he to pay interest on mortgage on property to July 1, 1919, and to receive rent on property to above date.

"Frank Morris
"John Mahn."

Conrad testifies, over the objection of defendant, as follows:

"Morris and Mahn came to my office. Mahn wanted Morris to pay some more money on the house. There was some misunderstanding about paying for the abstract. Morris wanted some definite statement as to how the abstract was to be paid for before he paid Mahn any more money. 'I just drew up with a pen there just briefly a statement for both of them to sign in regard to that.' Before they left the office Morris suggested mentioning the insurance and Mahn said, "Our papers are up in the bank down there, the policies are with them, and it is yours." This particular matter seemed to be over how the abstract was to be fixed; they hadn't agreed

how some little matter about the payment of it was to be settled." Which is corroborative of plaintiff's version.

The appellant on this statement of facts contends that there can be no recovery by the plaintiff for two reasons. First, because the subject-matter of this transaction being real estate, contracts of sale with reference thereto must be in writing, and being a contract required to be in writing under the Statute of Frauds must be one that contains all of the terms upon which the transaction was made. It is further contended that the memorandum entered into in Conrad's office, which we have copied, was a written contract setting forth the terms of the transaction, and that no mention whatever is made therein of any insurance being considered in the deal, and that the rule that parole evidence cannot be admitted to vary, alter or change the terms of a written contract was violated by the trial court in permitting the plaintiff to testify that the defendant at Conrad's office told him that there was no need of putting the insurance in because the policy had already been put up in escrow and belonged to the plaintiff, and the further testimony of Conrad's which we have heretofore copied. In support of these two propositions appellant cites the case of Reigart v. Coal & Coke Co., 217 Mo. 142, 117 S. W. 61, which holds that all of the terms and provisions of an agreement concerning a contract required by the statute to be in writing must be put in the contract in writing, and that a party will not be permitted to say that such contract contains a part but not all of the terms originally agreed upon; and appellant relies particularly on the case of Duncan v. Spencer, 211 S. W. 698, which is a case involving very much the same question as is involved in this suit, that is, unearned premium on an insurance policy, where there has been a contract entered into for the transfer of real estate.

We do not believe that the principles of law contained in the cases named are applicable to the proper disposition of this case, and for this reason: There can be no doubt about the correctness of the rule as stated in the Reigart (Reigart v. Coal & Coke Co., 217 Mo. 142,

117 S. W. 61) case, but the trouble with applying it here is that the defendant, who undertakes to invoke this rule concerning the contract required to be in writing under the Statute of Frauds, admitted that the plaintiff had already carried out his contract and that he, the defendant, had accepted all of the consideration from the plaintiff which both agreed he was to pay. That being true, then the defendant is in no position to invoke to his aid the Statute of Frauds. [See Bless v. Jenkins, 129 Mo. 647, 1. c. 657, 31 S. W. 938; Davis v. Greenlee, 212 S. W. 22, 1. c. 25]. Other cases are cited by respondent upholding this rule, and the distinction which we make between this case and the case of Duncan v. Spencer, 211 S. W. 698, the case relied upon by respondent, is that in that case the contract as set out by the opinion of the court clearly shows that the contract on its face purported to cover the entire transaction, while the memorandum in this case, heretofore copied, shows on its face that it does not pretend or purport to cover the contract of purchase of this land between these parties, but on the other hand only undertakes to cover a partial payment, and the question of taking care of incumbrances and the fixing of the expense concerning the abstract. Where a memorandum is made showing such as this, that it did not purport to cover the whole contract between the parties, then the rule sought to be invoked that written contracts cannot be altered or changed by oral evidence cannot be invoked.

We must, therefore, hold that it was purely a question of fact between these parties as to whether this insurance policy was to remain the property of the seller or become the property of the buyer. There is most convincing evidence in the record that it was to pass and become the property of the buyer, and the trier having determined that issue of fact for the plaintiff, we are not disposed to change that finding nor have we the power to do so.

The suit was filed originally in the justice of the peace court, and the statement filed there which we have

mentioned in the beginning of this opinion is sufficient to support the judgment.

The judgment is affirmed. *Cox, P. J.*, and *Bradley, J.*, concur.