# F. T. OWSLEY, Respondent, v. HARRY JACKSON et al.; Appellants.

### Springfield Court of Appeals, April 1, 1912.

1. **CONTRACTS: Real Property: Contract to Perfect Title: Not Merged into Warranty Deeds: Statute of Frauds.** Defendants sold to plaintiff certain land and made him warranty deeds thereto and put him in possession of said land. As an inducement to the plaintiff to purchase this land defendants made separate verbal agreements, other than the warranty deeds, by which they promised plaintiff that if the record title to the land was found to be defective, they would have the same rectified and furnish plaintiff with an abstract of title, showing a fee simple record title in them. *Held*, that an action for damages could be maintained for breach of this verbal agreement; that it was not merged into the written warranty deeds, but was consistent with the terms of such deeds as a collateral agreement. Neither was such verbal contract within the Statute of Frauds.

2. **———: Written Contracts: Contemporaneous Parol Agreement: Evidence.** Where actions in equity are brought to enforce the specific performance of written contracts, or where actions at law are brought to recover damages for breach of the same, and the defense is a contemporaneous or prior verbal contract, the common law rule is that, in the absence of fraud or mistake, parol or extrinsic evidence is not admissible to vary, add to, modify or contradict the terms or provisions of the written instrument.

3. **EVIDENCE: Contracts: Contradicting Written Contract: Exceptions to General Rule.** The rule which makes inadmissible parol evidence to vary or contradict the terms of a written instrument, is in its practical application subject to a number of exceptions, which depend largely upon the particular facts in each case, and the courts have endeavored to adapt the rule to the obvious demands of abstract justice, as the facts are developed in each particular case.

4. **———: ———: ———: Contemporaneous Parol Agreement.** A well recognized exception to the rule excluding parol evidence, where a written contract has been made, is that such rule does not extend so far as to preclude the admission of extrinsic evidence to show prior or contemporaneous collateral parol agreements between the parties and it is not necessary in such a case to render evidence of an independent collateral parol agreement admissible, that the writing should contain any reference thereto.

5. ———: ———: ———: ———: Real Property. A collateral oral agreement to perfect the record title to land, made as an inducement to sell said land and which land was conveyed by warranty deeds, where it does not tend to vary, contradict or impair any of the conditions contained in the warranty deed made, can, in case of breach thereof, be the basis for an action for damages, and oral evidence of the terms of such agreement is admissible.

6. ———: ———: ———: ———: Inducement to Enter Into Written Contract. The general rule admitting parol evidence of a collateral verbal agreement is especially applicable in cases where such agreement operates as an inducement to the complaining party to enter into the written contract.

7. STATUTE OF FRAUDS: Agreement to Perfect Title. An agreement to perfect the record title of lands, which was made to induce the purchase of said lands, which lands were conveyed by warranty deeds, is not such a contract as, under the Statute of Frauds, is required to be in writing.

Appeal from McDonald Circuit Court.—*Hon. Carr McNatt*, Judge.

AFFIRMED.

*J. A. Sturges* for appellant.

(1) Plaintiff's entire case is based on his right to recover for the breach of a verbal agreement as to the nature and quality of title to be conveyed made at the time of or contemporaneous with the execution of the warranty deeds. It was error to admit any evidence of such contract or submit the same by instruction. All negotiations or agreements were merged in the deeds. Smyth v. Byroff, 156 Mo. App. 28; Brauckman v. Leighton, 67 Mo. App. 245; Wheeler v. Ball, 26 Mo. App. 443; State ex rel. v. Hoshaw, 98 Mo. 358; Tracy v. Iron Works, 104 Mo. 193; Matheney v. Stewart, 108 Mo. 79; Boyd v. Paul, 125 Mo. 13; Morgan v. Porter, 103 Mo. 140; Miller v. Light & Power Co., 133 Mo. 205; Anthony v. Rockefeller, 102 Mo. App. 331. (2) There is a distinction between the rules which govern the relation of vendor and vendee, before and after the exe-

cution and delivery of the deed. Before accepting the deeds plaintiff had a right to insist on a clear title. When the deeds were executed and delivered, the entire matter merged in the deeds and the covenants therein alone prescribed the rights and duties of the parties. Smyth v. Byroff, 156 Mo. App. 28; Wheeler v. Ball, 26 Mo. App. 450.

*O. R. Puckett* for respondent.

(1) The rule which prohibits the introduction of parol evidence of a contemporaneous agreement does not apply when there is offered in evidence a distinct collateral contemporaneous agreement, not varying the written agreement, though it relates to the same subject matter. Roe v. Bank, 167 Mo. 427; Brown v. Bowen, 90 Mo. 190; Lumber Co. v. Warner, 93 Mo. 384. (2) If there was, when the original contract was concluded, a parol contemporaneous agreement, not inconsistent with the one put in writing, or, if a part only of the contract was put in writing, then such agreement, or the part so omitted, could have been proven. Greening v. Steele, 122 Mo. 294; Howard v. Hardy, 128 Mo. App. 349; Van Meter v. Poole, 130 Mo. App. 436; Harbold v. Custer, 44 Pa. St. 392; Stewart v. Trimble, 15 Pa. Super. Ct. 513; Bennett v. Abrams, 41 Barb. (N. Y.)) 619; Sage v. Truslow, 88 N. Y. 240.

NIXON, P. J.—The defendants sold the plaintiff certain lands and made him warranty deeds, and this is an action upon defendants' verbal agreement to procure a record title of the lands and furnish an abstract to the plaintiff showing a fee simple title to the same. The plaintiff obtained judgment and defendants have appealed.

On the eighteenth day of July, 1905, plaintiff bought of defendants a tract of about eight acres of land in section 34, township 21, range 31, in McDonald county, Missouri, being a part of what was formerly

known as the old Samuel Jackson mill site, and the consideration was $1050. On that day the defendants made and delivered to plaintiff a warranty deed in the ordinary statutory form, to said land, containing the usual covenants of warranty of title, seizin and quiet enjoyment. Plaintiff at once took possession under said deed, and has since remained in the continuous, peaceable, undisturbed possession of the same and his right or title has not been questioned or in any way assailed.

On July 31, 1906, the plaintiff bought of the defendants another tract of land in the same section, being the remainder of the Samuel Jackson farm that had been used in connection with the mill site. The defendants on that day executed and delivered to plaintiff their warranty deed to the same, for the expressed consideration of $1000. This deed was also in the statutory form and contained covenants the same as in the former deed. About sixty acres were conveyed by this deed. On the delivery of the deed the plaintiff at once entered into possession of this second tract, and has since remained in the quiet, peaceable, undisturbed possession of the same, his right or title not having been questioned or assailed.

At the time of the plaintiff's negotiations for the purchase of the eight acre tract of land, and as an inducement to him to make the purchase, the defendants made a separate and independent verbal agreement, other than the warranty deed, by which they promised plaintiff that if the record title to said land was found to be defective they would have the same rectified within a reasonable time, and furnish plaintiff with an abstract of title showing record evidence sufficient to prove ownership in fee simple in said land to said grantors, the defendants, and would procure for plaintiff a marketable and commercial title thereto. At the time plaintiff purchased the second tract, of sixty acres, on July 31, 1906, as an inducement to him to

make said purchase, defendants made substantially the same verbal agreement.

In August or September, 1909, the plaintiff employed Mr. O. R. Puckett, an attorney of Pineville, Mo., to make an examination of the title to the lands described in the two deeds. Such examination showing the following conditions:

(1) In the year 1858, a small portion of said lands was conveyed by good and sufficient deeds to Ambrose G. Williams, and there is no record evidence that he ever parted with his title thereto. (2) About the same time another portion of said lands was conveyed by good and sufficient deeds to Nathan Bramlett, and there is no record evidence that he ever parted with his title thereto. (3) In 1878, a portion of said lands was conveyed to D. M. Davenport by good and sufficient deeds and there is no record evidence that he ever parted with his title thereto. (4) On April 6, 1904, J. E. Hinton, with numerous others, including these defendants, as heirs of Samuel Jackson, deceased, made a warranty deed to Mary J. Jackson, intending to convey all the lands included in both deeds to Owsley, the plaintiff herein, but in which a part of the description was erroneous. Mary J. Jackson afterwards conveyed, by correct description, the lands to these defendants.

In September, 1909, the plaintiff through his attorney reported the condition of the title to the defendants and requested that suits be brought by them to perfect the same. Defendants did not comply with this request, and on August 30, 1910, the plaintiff by his attorney brought three suits to perfect the title, two being against the unknown heirs of Ambrose G. Williams, the unknown heirs of Nathan Bramlett, and the unknown heirs of D. M. Davenport, and one against J. E. Hinton and others, to correct the erroneous description in the deed above described. For his services in these three suits plaintiff paid his attorney $135, this

amount including all costs of the suits. Evidence was tendered to prove the charge reasonable, and the attorney for the defendants stated that he conceded such charge to be reasonable.

When plaintiff's evidence was offered, the defendants objected to the introduction of the same because the agreement sought to be proved thereby was not in writing and signed by the parties as required by the Statute of Frauds, and for the further reason that the contracts for the purchase of said real estate were consummated by warranty deeds, and that all prior or contemporaneous agreements, in law, were merged in the deeds.

Where actions in equity are brought to enforce the specific performance of written contracts, or where actions at law are brought to recover damages for breach of the same, and the defense is a contemporaneous or prior verbal contract, the general rule at common law, announced with great uniformity by the courts, is that in the absence of fraud or mistake, parol or extrinsic evidence is not admissible to vary, add to, modify or contradict the terms or provisions of the written instrument by showing the intention of the parties or their real agreement with reference to the subject-matter to have been different from what is expressed in the writing, for the reason that when the parties have deliberately put their engagements in writing in such terms as to import a legal obligation without any uncertainty as to the object or extent of their engagements, all previous negotiations and agreements with reference to the subject-matter are presumed to be merged in the written contract, and the whole engagement of the parties and the extent of their undertaking is presumed to have been reduced to writing. [Reigart v. Coal & Coke Co., 217 Mo. l. c. 165, 117 S. W. 61; State ex rel. Yeoman v. Hoshaw, 98 Mo. 358, 11 S. W. 759; Tracy v. The Union Iron Works Co., 104 Mo. 193, 16 S. W. 203; Boyd v. Paul, 125 Mo. l. c. 13, 28 S. W. 171;

Miller v. Electric L. & P. Co., 133 Mo. 205, 34 S. W. 585.]

The practical application of this rule, however, is subject to a great number of exceptions, and perhaps there is no rule of law more flexible. Indeed, to such an extent is this true that the exact limit to be placed upon the exceptions is found to depend largely upon the particular facts of each case, and the courts generally have endeavored to adopt the rules in practical application to the obvious demands of abstract justice as the facts are developed in each particular case. [Liebke v. Methudy, 14 Mo. App. 65; Bassett v. Glover, 31 Mo. App. 150; 17 Cyc. 638.]

In the present case we think the distinction between the title proper and the evidence of title is clearly recognizable; that the subject-matter of the verbal contract is not so closely connected with the subject-matter of the written contract contained in the deed as to be an integral part thereof so as to be inseparable. Plaintiff claims no right of action for breach of any agreement as to the nature or quality of the title that was to have been conveyed; that protection was given him by defendants' covenants of warranty in the deeds of conveyance. Plaintiff concedes that he obtained a good and perfect title in fee simple to the land conveyed to him by the defendants and that he went into possession and continued therein and has not in any way been evicted, either actually or constructively. The right of action in this case is based solely upon the breach of defendants' verbal agreement to furnish the plaintiff an abstract showing record evidence of ownership in fee simple of the lands conveyed. The defendants by their warranty deeds conveyed to plaintiff all the title they agreed to convey and plaintiff became the absolute owner in fee simple of the same immediately upon the excution and delivery of the deeds, and the abstract that plaintiff subse-

163 App.—2

quently procured at his own expense added nothing whatever to his right, title and interest in the lands. The abstract defendants agreed to furnish could only be obtained by having the records supplied with the existing evidences of title. The expense incident to putting existing evidences of title into the records so as to procure therefrom such an abstract as defendants agreed to furnish plaintiff does not differ in any essential respect from the expense of putting into an abstract the evidence of title already on the records, except, perhaps, as to the amount required to be expended for that purpose and the necessity of bringing an action for that purpose.

Among the numerous exceptions to the rule excluding parol evidence, a well-recognized exception is that such rule does not extend so far as to preclude the admission of extrinsic evidence to show prior or contemporaneous collateral parol agreements between the parties; and it is not necessary in such a case, to render evidence of an independent collateral parol agreement admissible, that the writing should contain any reference thereto. This exception to the rule has been long established in our state as in other jurisdictions. [Brown v. Bowen, 90 Mo. l. c. 190, 2 S. W. 398; Boggs v. Pacific Steam Laundry Co., 171 Mo. l. c. 290, 70 S. W. 818; Greening v. Steele, 122 Mo. 287, 26 S. W. 971; Plumb v. Cooper, 121 Mo. l. c. 676, 26 S. W. 678; 17 Cyc. 713.] In the present case it is apparent that the collateral verbal agreement to perfect the record and furnish the abstract was entirely consistent with the terms of the warranty deeds though made contemporaneous with them and relating to the same subject-matter. The oral evidence did not in the least tend to vary, contradict or impair any of the conditions or obligations, express or implied, contained in the warranty deeds, or in any way tend to defeat their operation; and any breach of the collateral verbal agreement and resulting damage to the plaintiff by reason thereof

which he seeks to recover in the present suit could not have been recovered by him under the covenants in his warranty deeds.

There are several other elements disclosed by the evidence in this case which make the introduction of parol evidence of the collateral agreement particularly appropriate. The evidence shows that the defendants under the separate and independent agreement, as an inducement to plaintiff to purchase their lands, made the representations and verbal agreement, and that this was a part of the consideration for the conveyance of the lands. The general rule admitting parol evidence of collateral verbal agreements is especially applicable in cases where such agreement operated as an inducement to the complaining party to enter into the agreement. To deny the admission of evidence in such a case, if relevant to the issues made by the pleadings, would be to allow one of the parties to induce the other to enter into the engagement under false representations and then aid him in enforcing it against his adversary notwithstanding the fraud practiced upon him by holding out to him such fraudulent inducement. We recognize this principle as being in full accord not only with the spirit of justice, but also with adjudged cases. [Armington v. Stelle, 69 Pac. (Mont.) 115; 17 Cyc. 717.]

An objection was also made by defendants at the trial that the evidence was incompetent because the agreement was within the Statute of Frauds and consequently invalid, not being in writing. It is apparent that the verbal contract under consideration was not a contract for the sale of lands, tenements, hereditaments, or any interest therein, and was not required by the Statute of Frauds to be in writing under section 2783, Revised Statutes 1909; nor was it a contract for the sale of goods, wares and merchandise under section 2784, Revised Statutes 1909, which requires a memorandum in writing of the contract signed by the par-

ties. In justice to the learned attorney for the appellants it may be proper to add that while the objection that the verbal agreement was incompetent because within the Statute of Frauds was made in the trial court, it is not urged in his brief in this court and of course is practically abandoned.

Under the view we have taken of the case it is un-. necessary to rule on a motion to dismiss this appeal which respondent filed in this court.

The judgment being for the right party is hereby affirmed. All concur.