Frank FRIMEL, Successor to Golden Rule Realty Co., Inc., Plaintiff-Respondent,

v.

Joseph BLAKE and Margaret M. Blake, His Wife, and William J. Duba, Defendants-Appellants.

No. 31021.

St. Louis Court of Appeals.

Missouri.

Sept. 18, 1962.

Charles M. Shaw, Clayton, for defendants-appellants.

Thurman, Nixon & Blackwell, Jeremiah Nixon, Hillsboro, for plaintiff-respondent.

SAMUEL E. SEMPLE, Special Commissioner.

This is an action brought by plaintiff, Frank Frimel, as successor to the Golden Rule Realty Co., Inc., to collect assessments for years 1957, 1958, 1959, and 1960 levied against certain lots purchased by defendants from plaintiff's predecessor which said assessments were authorized under the provisions of a written contract of sale. The trial was before the court and resulted in judgments in favor of plaintiff and against defendants, from which defendants have duly taken an appeal to this court.

Plaintiff brought this lawsuit in a number of counts with each count directed against specific defendants. The appellants herein are defendants Joseph Blake and his wife, Margaret, named in Count I and defendant William J. Duba named in Count IV of the petition. The same affirmative defense was pleaded and same evidence offered by defendants Blake and defendant Duba. Separate judgments were entered by the trial court. Only one contention of error common to both defendants Blake and defendant Duba is raised here and by agreement the parties have consolidated the cases for the purpose of this appeal. For convenience reference hereafter to defendants will apply to defendants Blake and defendant Duba.

The defendants during the month of October, 1955, by written contracts purchased from plaintiff's predecessor The Golden Rule Realty Co., Inc., certain lots in the Lake Lorraine Subdivision located in Jefferson County, Missouri. The provisions of the written contracts entered into by the parties and applicable to the contentions raised here were identical. The contracts in substance provided for the method and time for the payment of the purchase price and standard provisions for execution of a deed to the purchaser. In addition the contracts contained certain restrictions which were to govern the future use of the property by the purchasers.

The written contracts contained the following pertinent agreements and restrictions:

"Grantors further agree to maintain all improvements on this subdivision up to January 1, 1957, at their own sole charge and expense, and free and clear

of all assessments for maintenance of said project, after which date the purchaser agrees to pay such assessments on the lot sold him as the grantors may in their discretion levy, not exceeding, however, 85¢ per front foot, proceeds to be used for maintenance and management of the lake and all of the properties which are of common benefit to property owners in said subdivision and for the necessary expense of the upkeep of said project."

Restrictions:

"11. As part of the consideration for the sale of this lot Grantor shall have the right to assess the owner of this lot after January 1, 1957, and each succeeding January 1st thereafter such sum as Grantor shall deem necessary for the upkeep and maintenance of the dam, roads and other improvements, and management, provided, however, that no assessment for any one year shall exceed the sum of eighty-five cents (85¢) per front foot, on the first two tiers of lots and the same amount per lot, rather than front foot, for all other lots in the development, and provided further that the assessment as levied each year shall be and become a lien without filing of suit or legal procedure to establish such lien on said lot if not paid within thirty days after January 1st of the year in which the assessment is made."

By stipulation of the parties it was agreed that the assessments as alleged in plaintiff's petition against lots of defendants for the years 1957, 1958, 1959 and 1960 were made by plaintiff and that the amounts of the assessments were correct.

The defendants' answers alleged as an affirmative defense that they were induced to enter the written contract on the representation that a lake was to be built, roads constructed and water and power lines brought in to the subdivision during the year 1956 and that no assessments were to be levied against the lots in the subdivision until these improvements were made. Defendants further alleged that the improvements were not completed by January, 1957, and had not been entirely completed prior to the time suit was filed.

Defendants offered evidence that at the time of negotiations for the purchase of the lots and shortly before the execution of the written contracts of sale one Mark L. Bowman, a salesman and agent of the Golden Rule Realty Co., Inc., orally represented to them that improvements were to be made in the subdivision during the year 1956 consisting of building a dam, constructing roads and bringing in water and power lines and that there would be no assessments levied against the lots until these improvements were completed. This evidence was objected to by plaintiff on the ground that it violated the parole evidence rule and was received by the court subject to plaintiff's objection and later rejected. Defendants also produced evidence that the dam, the roads and the utilities were not completed on January 1, 1957, and at the time of trial were not constructed as orally represented by the salesman prior to the execution of the written contract.

The sole question presented by this appeal is whether the parole evidence offered by defendants to show that no assessments were to be levied against defendants' lots until certain improvements were completed in the subdivision was admissible as an exception to the parole evidence rule. Defendants argue that the oral representations made to defendants were offered to show the existence of a prior or contemporaneous collateral agreement which operated as an inducement to the defendants to enter into the written contract. Defendants cite the cases of Owsley v. Jackson, 163 Mo.App. 11, 144 S.W. 154; Scott v. Asbury, Mo. App., 198 S.W. 1131; Craig v. Koss Construction Co., Mo.App., 69 S.W.2d 964; Liemke Co. v. Krekeler Grocer Co., 231 Mo. App. 169, 95 S.W.2d 820.

It is true that there is an exception to the parole evidence rule which permits

the admission of evidence of a separate prior or contemporaneous verbal agreement which is especially applicable where such agreement operates as an inducement to the complaining party to enter into a written agreement but there is a further requirement that the parole agreement must not be inconsistent or in conflict with the written agreement. The cases cited by defendant support this exception to the parole evidence rule, but in each of those cases the verbal agreement did not vary or contradict the written instrument involved.

 The courts of this state in applying the parole evidence rule have uniformly held that where parties have entered into an unambiguous written agreement, their rights must be controlled thereby and in the absence of fraud, duress, mistake or mental incapacity all evidence of prior or contemporaneous oral agreements on the same subject matter varying, modifying or contradicting the written agreement is inadmissible. Giraldin Bros. Real Estate Co. v. Stiansen, Mo.App., 315 S.W.2d 636, 640; Commerce Trust Co. v. Watts, 360 Mo. 971, 231 S.W.2d 817; Francis v. Saleeby, Mo. App., 282 S.W.2d 167, 169.

 In the instant case defendants have not raised any question of fraud or any other circumstances which would void the contract. The provisions of the written contract here are clear and unambiguous as to (1) the right to levy assessments by plaintiff and his predecessor; (2) the time that said assessments were to be made and to become effective, and (3) the agreement of defendants to pay the assessments when they were so levied. The written contract does not require the construction and completion of a dam, roads or utility facilities during the year 1956 and is clear as to the right to levy assessments annually beginning with the year 1957. To permit defendants by parole evidence to attempt to prove an agreement that assessments were not to be levied by plaintiff or his predecessor or paid by defendants until certain improvements were completed in the subdivision would not be consistent with the written agreement and would have the effect of varying or modifying said written contract. We therefore conclude that said parole evidence was not admissible.

The judgments of the trial court are affirmed.

PER CURIAM.

The foregoing opinion by SEMPLE, Special Commissioner, is adopted as the opinion of the court.

Accordingly, judgments are affirmed.

ANDERSON, P. J., WOLFE, J., and JAMES D. CLEMENS, Special Judge, concur.