**REID VANN FOREIGN CAR SERVICE, LTD., Appellant,**

v.

**CENTRAL DISTRICT ALARM, INCORPORATED, Respondent.**

**No. 42108.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 26, 1980.

David C. Godfrey, Clayton, for appellant.

Jack H. Ross, Michael M. Sayers, Coleman, Ross, Carey, Goetz & Schaaf, Inc., Clayton, for respondent.

REINHARD, Judge.

Plaintiff appeals from an order of the trial court directing a verdict in favor of defendant at the close of plaintiff's evidence.

---

2. *Camillo v. State*, 555 S.W.2d 386[1] (Mo.App. 1977); *Plant v. State*, 547 S.W.2d 835[1, 2] (Mo.App.1977).

The record discloses the following information. Defendant installed an alarm system in plaintiff's place of business. Plaintiff brought this suit to recover for damages suffered after its place of business was burglarized. Plaintiff alleged in Count One that defendant failed to perform certain contractual obligations regarding the alarm system,[1] and in Count Two, that defendant had breached a warranty of fitness for the alarm system.

At trial, plaintiff's president was the only witness. After testifying about plaintiff's business premises and the occurrence of the burglary, he attempted to testify regarding oral representations made by defendant before the parties entered their written agreements.[2] The written agreements of the parties provided, however, "that the payments . . . named are based solely upon the services herein described . . . .", and that the defendant was not an insurer and was not responsible for any burglary loss. The court sustained defendant's objection to such testimony on the basis of the parol evidence rule.

Plaintiff then made an offer of proof that the witness would have testified that the defendant had represented that: once the system was installed and its beam broken, a signal would be sent to defendant's main office; a dispatcher there would call the police; defendant would send an employee to plaintiff's premises to let the police in; this employee would call plaintiff's agents to inform them of the alarm; and, armed guards and radio cars would be used to provide further protection. The court sustained defendant's objection to this offer of proof.

The trial court also sustained defendant's objections to the witness' testimony regarding the amount of damages resulting from the burglary, and to plaintiff's subsequent offer of proof as to damages. After the court again refused to allow the witness to testify as to defendant's representations prior to the written agreement, plaintiff elected to close its case. Upon the motion of defendant, the court then granted a directed verdict for defendant.

On appeal, plaintiff assigns as error the trial court's granting of defendant's motion for a directed verdict, and the trial court's sustaining of defendant's objections to testimony of oral representations preceding the written contract.

■■■ The granting of a directed verdict at the close of plaintiff's evidence is a harsh remedy. Therefore, in deciding whether plaintiff's evidence was sufficient to make its case submissible to the jury, the evidence must be viewed in the light most favorable to the plaintiff, its evidence must be taken as true unless entirely unreasonable, and it must be given the benefit of all favorable inferences that reasonably could be drawn from the evidence. *Forbis v. Associated Wholesale Grocers, Inc.*, 513 S.W.2d 760, 763 (Mo.App.1974). To make a submissible case, however, "plaintiff must produce substantial evidence that will support each and every element of the cause of action. No fact essential to submissibility can be inferred in the absence of a substantial evidentiary basis. Liability cannot be based upon speculation, conjecture or guesswork." *Tri-Continental Leasing Co. v. Neidhardt*, 540 S.W.2d 210, 211 (Mo.App.1976). Accord, *Houghton v. Atchison, T. & S. F. R. R. Co.*, 446 S.W.2d 406 (Mo. banc 1969).

■■■ Plaintiff's cause of action for breach of contract fails because of insufficiency of

---

1. Plaintiff's petition alleged in this count that defendant failed to perform its obligations in that "[d]efendant negligently failed and omitted, as agreed, to timely notify appropriate police authorities of the activation of the security alarm system . . . to timely notify its own security forces of the activation of the security alarm system . . . to timely inspect plaintiff's premises upon activation of the security alarm system . . . to timely notify plaintiff's officers of the activation of the security alarm system . . . [and] to confer with and assist the St. Louis Police Department in the protection of plaintiff's premises and effects after the activation of the security alarm system . . . ."

2. Plaintiff and defendant entered into two separate but very similar written agreements, the first dated July 26, 1974; the second dated September 8, 1975.

evidence. In order to establish a cause of action under Count One, one of the elements that plaintiff had to show was defendant's breach of the contract. *Veterans Linoleum & Rug, Inc. v. Tureen*, 432 S.W.2d 372, 378 (Mo.App.1968). We have carefully examined the evidence adduced by plaintiff at trial, and, even considering each of plaintiff's offers of proof, we find no evidence whatsoever supporting the allegations of breach of contract made by plaintiff in Count One, see footnote 1 *supra.* Thus, plaintiff failed to make a submissible case on this count.

Plaintiff's evidence also falls short as to Count Two. The only support in the transcript for plaintiff's theory of warranty arose during an offer of proof in which plaintiff's counsel stated that plaintiff's president would have testified that defendant represented "that they would protect his business from any losses by burglary." [3] Even assuming that the offered evidence had been admissible, however, plaintiff still failed to present any evidence on the sole allegation in its petition regarding the breach of warranty. There, plaintiff alleged that "[d]efendant breached its warranty in that it did not properly maintain the security alarm system as it had agreed to do." On the basis of the transcript before us, there is no evidence that defendant did not properly maintain the alarm system.

Thus, on both counts, plaintiff failed to produce the admissible evidence needed to make a submissible case, and the trial court acted correctly in granting defendant's motion for a directed verdict.

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.

3. We believe the trial court properly sustained defendant's objection to this offer of proof since such testimony would have regarded an alleged representation prior to the written agreements and would have contradicted provisions of the written agreements stating that defendant was not an insurer. This would have clearly violated the parol evidence rule. *See Frimel v. Blake*, 360 S.W.2d 258, 260–61 (Mo.App.1962).