**David BUFFA, Plaintiff–Appellant,**

v.

**Stefan HAUSER, Defendant–Respondent.**

**No. 55486.**

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 31, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 28, 1989.

Application to Transfer Denied Jan. 10, 1990.

Gray & Ritter, P.C., Paul Passanante, St. Louis, for plaintiff-appellant.

Kortenhof & Ely, P.C., John D. Warner, Jr. and Gary E. Wiseman, St. Louis, for defendant-respondent.

KAROHL, Judge.

This appeal arises out of an action for personal injuries sustained by plaintiff, David Buffa, a pedestrian who was struck by an automobile driven by defendant Stefan Hauser. The casualty occurred on Washington Avenue, between Eleventh Street and Tucker Boulevard, in the City of St. Louis. Verdict and judgment were for defendant. Buffa appeals claiming the court erred in failing to give his comparative fault verdict directing instruction which would have submitted Hauser's negligence in failing to yield the right-of-way to a pedestrian in a crosswalk. Buffa claims the evidence adduced at trial supported submission of the instruction. The trial court accepted defendant's position that there was no credible evidence plaintiff was in a crosswalk at the point of impact. We affirm.

The facts considered in the light most favorable to plaintiff on the matter of his presence in the crosswalk follow. On September 18, 1986, between 7:00 and 7:42 a.m., Buffa was crossing Washington Avenue from south to north between Eleventh Street and Tucker Boulevard. Automobiles heading west on Washington were stopped at Tucker for a red light. There were no painted lines defining a crosswalk. The area where a crosswalk might have been painted was blocked by automobiles. Buffa proceeded to cross Washington by weaving his way behind and between the

stopped automobiles and testified he "may have been twenty-five feet" east of the crosswalk, he was not sure. Plaintiff offered testimony of an eyewitness who said he crossed between the second and third cars from the intersection.

Meanwhile, Hauser was heading west on Washington, had crossed Eleventh Street and was continuing toward the Tucker intersection. The light for westbound traffic at Tucker turned green in Hauser's favor. However, he slowed down because the other westbound automobiles were still stopped. There was a steady rain and streets were wet. Hauser's automobile struck Buffa, who was attempting to cross in front of Hauser in Hauser's lane. Buffa sustained personal injuries and thereafter instituted these proceedings. The jury assessed one hundred percent fault to Buffa. Verdict and judgment were for Hauser.

On appeal Buffa claims the court erred by failing to submit the following verdict directing instruction:

Instruction No. A

In your verdict you must assess a percentage of fault to defendant Stefan Hauser, whether or not plaintiff David Buffa was partly at fault, if you believe:

First, defendant Stefan Hauser failed to keep a careful lookout, or failed to yield the right-of-way, or failed to yield to a pedestrian in a crosswalk, and

Second, defendant Stefan Hauser was thereby negligent,

and

Third, such negligence directly caused or directly contributed to cause any damage plaintiff David Buffa may have sustained.

The phrase "yield the right-of-way" as used in this instruction means a person operating a motor vehicle must yield to a pedestrian in a crosswalk irrespective of the color of the electrical signal controlling traffic in his direction.

The term "crosswalk" as used in this instruction means that part of a roadway at an intersection included within the connections of lateral lines of the side-walks on opposite sides of the highway measured from the curbs.

In support of Instruction A, Buffa contends there was evidence from which the jury could find he was within a crosswalk at the time of the collision. He argues: (1) a police officer testified plaintiff was found ten feet east of the curb line of Tucker; (2) defendant's vehicle was "three feet more maybe, about thirteen, fourteen feet east" of the curb line; (3) defendant testified he first saw plaintiff when plaintiff ran into his lane, his speed was ten or fifteen miles per hour; (4) defendant did not know how far he then traveled, he estimated six feet; (5) he stopped "at impact"; and, (6) in the absence of a marked crosswalk the walk is as wide as the contiguous sidewalk, approximately twenty feet per § 300.010(7) RSMo 1986. Hence, plaintiff argues the tendered instruction was proper because a pedestrian in a crosswalk is entitled to a yield right-of-way submission and this collection of evidence supported a fact submission on the issue of presence in a crosswalk area at point of impact. The ultimate questions are: (1) whether there was such evidence plaintiff was in "an unmarked" crosswalk, and thus entitled to the instruction; and, (2) did plaintiff try the case on the theory of presence in a crosswalk.

The general rule is that instructions must be supported by evidence. *Samuels v. Klimowicz*, 380 S.W.2d 418, 424 (Mo. banc 1964). "The plaintiff may not submit a theory directly opposed to his own testimony and theory, but the defendant is not subject to that restriction in submitting an affirmative defense." *Fogarty v. J.C. Penney Co., Inc.*, 736 S.W.2d 443, 446 (Mo.App.1987).

Here, Buffa testified he was not in the crosswalk at the time of the collision.

Q. [Attorney for Plaintiff] Do you know exactly *how far east of the crosswalk* it was that you crossed?

A. [Buffa] May have been twenty-five feet. I'm not sure.

\*      \*      \*      \*      \*      \*

Q. [Attorney for Defendant] You could have gone up and crossed at the crosswalk?

A. [Buffa] At that time?

Q. Yes.

A. *I couldn't cross at the crosswalk* because there were cars—well, in the first—there is no crosswalk per se, there are no lines on the street.

Q. Okay.

A. And at that intersection where one might assume there to be a crosswalk there were cars pulled up into that what might be a crosswalk if it was there. (Our emphasis).

Buffa, by his own testimony and admission, was not in a crosswalk at the time of the collision. After his testimony, Buffa abandoned his theory of Hauser's negligence for failure to yield to a pedestrian in a crosswalk. In closing argument, Buffa argued he was justified in not crossing in the crosswalk because he could not use the crosswalk without going onto Tucker as automobiles were blocking the crosswalk. Accordingly, the requested instruction conflicts with plaintiff's testimony and closing argument. The court did not err in refusing to submit the failure to yield to a pedestrian in a crosswalk instruction. Further, the evidence of a point of impact within a "statutory" crosswalk was generally qualified as merely estimates or "maybes."

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.