**Charlotte Lee SPRING, Respondent,**

v.

**KANSAS CITY AREA TRANSPORTA-TION AUTHORITY and Cornelius J. Gottstein, Appellants.**

No. 76246.

Supreme Court of Missouri,
En Banc.

March 22, 1994.

Rehearing Denied April 26, 1994.

Richard N. Ward, City Atty., Kathleen A. Hauser, Acting City Atty., and Dorothy L. Campbell, Asst. City Atty., Kansas City, for appellants.

James D. Walker, Jr., Kansas City, for respondent.

COVINGTON, Chief Justice.

This case is on appeal for the second time. The recurring issue is error in the verdict directing instruction. On May 2, 1989, Charlotte Spring boarded a Kansas City Area Transportation Authority (KCATA) bus driven by Cornelius J. Gottstein. As Ms. Spring made her way down the aisle of the bus, the driver started, then soon thereafter stopped the bus. Ms. Spring fell to the floor of the bus and injured her knee. She brought a negligence action against KCATA and the driver. The jury returned a verdict in favor of Ms. Spring. KCATA and the driver appealed, alleging error in the verdict directing instruction. The Missouri Court of Appeals, Western District, reversed and remanded for a new trial. *Spring v. Kansas City Area Transp. Auth.*, 813 S.W.2d 386 (Mo.App. 1991). In the second trial, the subject of this appeal, the jury again returned a verdict in favor of Ms. Spring. The Missouri Court of Appeals, Western District, again reversed and remanded. This Court granted transfer. Reversed and remanded.

Appellants first assert that the trial court erred in refusing to grant their motions for directed verdict and judgment notwithstanding the verdict because Ms. Spring did not make a submissible case. Although the case must be reversed and remanded on a different ground, the issue of submissibility may recur on retrial and should be addressed.

██ To make a submissible case a plaintiff must present substantial evidence to support each element of her claim. *Reid Vann Foreign Car Serv., Ltd. v. Central Dist. Alarm, Inc.*, 604 S.W.2d 783, 784 (Mo.App. 1980). In deciding whether a party who obtained a jury verdict made a submissible case, an appellate court must view the evidence in the light most favorable to the party who obtained the verdict. *Boatmen's Bank of Butler v. Berwald*, 752 S.W.2d 829, 832 (Mo.App.1988).

██ Appellants claim that Ms. Spring failed to present substantial evidence to support the claim of negligence. Appellants con-

tend that it is necessary to show something more than that the passenger was not seated when the driver started the bus in order to make a submissible case. Appellants are incorrect, seeming to confuse the concept of negligence as a matter of law with submissibility under the theory Ms. Spring submitted. In her pleading Ms. Spring alleged negligence in numerous respects, but argued to the jury only one theory, that the driver was negligent in starting the bus before she had taken a seat. In a premature starting case, the mere fact of starting a bus before a passenger is seated is not negligence as a matter of law. *Benjamin v. Metropolitan St. R.R.*, 245 Mo. 598, 151 S.W. 91, 94 (1912). A bus driver's duty is to allow passengers to reach a place of safety before starting. *Stoddard v. St. Louis & M.R.R.*, 105 Mo.App. 512, 80 S.W. 33, 35–36 (1904). Whether a seat is the only place of safety is a question of fact in light of the circumstances of a particular case. *Benjamin*, 151 S.W. at 94.

■ The question of submissibility on the theory Ms. Spring sought to submit to the jury is, therefore, whether there is evidence from which a reasonable juror could infer that the driver was not justified in starting the bus until Ms. Spring was sitting in a seat, which she claims is the only place of safety in her particular case. The evidence, viewed in the light most favorable to Ms. Spring, shows that the driver stopped on an incline at the corner of Eighth and Grand. The weather was rainy, and the floor of the bus was damp. Ms. Spring, sixty-one years old and in good physical condition, boarded the bus. She carried a purse, by a strap over her left shoulder, and held a small tote bag in her left hand. As she reached the top step of the bus, she showed the driver her pass. As she walked down the aisle of the bus to take a seat, the driver started the bus. Ms. Spring had walked beyond the seats reserved for the elderly and handicapped and had reached the second row of front-facing seats when the driver suddenly applied the brakes. Ms. Spring fell to the floor and injured her knee. Ms. Spring was not in her seat at the time she fell, she therefore made a submissible case. Whether Ms. Spring had reached a reasonable place of safety at the time the driver started the bus was a question for the jury.

■ Appellants also contend that the trial court erred in submitting Instruction No. 5 to the jury. Instruction No. 5, not-in-MAI, read:

> In your verdict you must assess a percentage of fault to defendant Gottstein and defendant KCATA, whether or not plaintiff was partly at fault, if you believe:
>
> First, defendant Gottstein caused the bus to move forward and suddenly stop when he knew, or should have known, that plaintiff had not yet reached a place of safety in the bus, and
>
> Second, defendant Gottstein was thereby negligent, and
>
> Third, as a direct result of such negligence, plaintiff sustained damage.

Appellants contend that in stating that the plaintiff had not yet reached a place of safety, the instruction informed the jury that Ms. Spring was not in a place of safety, rather than permitting the jury to decide whether Ms. Spring was in a place of safety when the driver started the bus. Appellants' contention is correct.

■ Although Instruction No. 5 is not an MAI approved instruction, identical principles of instructing a jury apply. An instruction must be a correct statement of the law. *Executive Jet Management & Pilot Serv., Inc. v. Scott*, 629 S.W.2d 598, 608 (Mo.App.1981). It is error to submit a theory that is not proven or supported by substantial evidence. *Buffa v. Hauser*, 781 S.W.2d 172, 173 (Mo.App.1989). It is also error for an instruction to assume a disputed fact; rather, the verdict directing instruction hypothesizes propositions of fact to be found or rejected by the jury. *Weltscheff v. Medical Ctr. of Independence, Inc.*, 597 S.W.2d 871, 878 (Mo.App.1980). The instruction must hypothesize the essential facts that support the submitted claim or defense. The problem with the verdict director appears to arise from confusion about the applicable law and precisely what essential, ultimate facts are in dispute under it.

The applicable law, on the theory Ms. Spring submitted, is that a driver's duty is to

allow a passenger a reasonable time to get to a place of safety before the driver proceeds. *Stoddard,* 80 S.W. at 35–36. The verdict director should, therefore, have hypothesized: first, that the defendant driver started the bus when the plaintiff had not reached a place of safety on the bus; second, that the defendant driver knew, or by using the highest degree of care could have known, that the plaintiff had not reached a place of safety; third, that the defendant driver was thereby negligent; and fourth, that such negligence directly caused or directly contributed to cause damage to the plaintiff.

The verdict directing instruction submitted in the case assumed, rather than hypothesized, that the plaintiff was not in a place of safety. Whether the plaintiff had reached a place of safety should not have been assumed; it was an essential, ultimate fact in dispute, a fact for the jury to determine before proceeding to the questions of the driver's knowledge or constructive knowledge,[1] causation, and damage. Because the verdict directing instruction assumed and thereby removed from the jury the determination of a disputed fact, the error was prejudicial.

The case must be reversed and remanded for a new trial.

HOLSTEIN, BENTON, THOMAS, LIMBAUGH and ROBERTSON, JJ. and PREWITT, Special Judge, concur.

PRICE, J., not sitting.

---

1. What the driver knew or could have known may be shown by what the driver actually saw, by the amount of time that elapsed after board-ing, *Stoddard v. St. Louis & M.R.R.*, 105 Mo.App. 512, 80 S.W. 33, 35–36 (1904), or, possibly, by other indicia of constructive knowledge.