Mary R. Russell, Judge, dissenting
I respectfully dissent. Although the majority opinion states the law correctly, I disagree with its conclusion that Owner-Operator ("Employer") did not preserve its substantial evidence argument for appellate review. Because Employer advanced exactly the same theory of error in its motion for new trial and its appellate brief and properly objected to the verdict director at the instructions conference, its claim that the verdict director was not supported by substantial evidence was properly preserved for appeal. Further, it was error for the circuit court to submit Amie Wieland's ("Employee") verdict director to the jury, as it was not supported by substantial evidence. Actually, Employer did not know of any present danger to Employee until after she had been shot. For these reasons, I would reverse the circuit court's judgment and remand the case for a new trial.
I. Employer's Argument was Preserved for Appellate Review
The majority opinion asserts Employer did not preserve on appeal its claim that the verdict director was unsupported by substantial evidence. This is not true. It has been long-established that an issue is preserved for appellate review if it is based on the same theory as presented at trial. Gateway Foam Insulators, Inc. v. Jokerst Paving & Contracting, Inc. , 279 S.W.3d 179, 188-89 (Mo. banc 2009) ; Welch v. McNeely , 269 S.W.2d 871, 875 (Mo. 1954) (enforcing "the long-established and *854 salutary principle that this [C]ourt will review a case only upon the same theory upon which it was submitted in the trial court"). In fact, the same theory was advanced in Employer's motion for new trial and its appellate brief: the verdict director was not supported by substantial evidence and should not have been submitted to the jury.
The majority opinion attempts to manufacture a distinction that is without a difference. This parsing of words is inconsequential because Employer advanced the same theory on appeal to this Court as it did in its motion for new trial. Throughout the proceedings, Employer consistently asserted, whether due to its incorrect wording or the sheer lack of evidentiary support, that the verdict director was not supported by substantial evidence. Legal writing is not an exacting science, and this Court does not require a party to use identical argument language throughout the proceedings. Though the arguments in the motion for new trial and appellate briefs are admittedly worded differently, they advance the same substantive theory.
In its appellate brief, Employer asserted the evidence adduced at trial was insufficient to give Employee's verdict director, which submitted a recovery theory under the known-person exception.[1] As the majority opinion sets out, a duty arises under this exception after the known party has entered the business premises. Employer contends on appeal "there was no evidence from which the jury could find that [Employer]: (1) actually knew; or (2) using ordinary care, could have known that Lovelace was in the parking lot in time to have called law enforcement authorities to prevent the shooting," as required by Employee's verdict director. App. Brief at 38. Employer clearly argued "there was no substantial evidence supporting" the verdict director and, by submitting this verdict director, the trial court erred. App. Brief at 44.
Similarly, in its motion for a new trial, Employer also made a substantial evidence argument. First, it asserted that Employee's verdict director did not accurately state the law on either the known-person exception or the unknown-person exception. It raised instructional error as to both theories. "Since it is not clear from the record on which theory of recovery [Employee's] claim was being submitted ... [Employer] asserts instructional error as to both." L.F. 110. Employer asserted in its motion that the verdict director was worded incorrectly and allowed the jury to consider Employer's actions before Lovelace entered the premises, which had the effect of allowing the jury to "find a causal link ... based upon circumstances other than those that existed at the time Lovelace entered the parking lot...." L.F. 115-16 (emphasis added). Further, the verdict director "allowed the jury to impermissibly speculate what [Employer] could have known had it taken security precautions [before Lovelace arrived]." L.F. 116 (emphasis added). Employer argued that the effect of the verdict director was to allow the jury to reach a verdict based upon speculation and conjecture. In other words, it argued the verdict director was unsupported by evidence , as was argued in Employer's appellate brief.
This Court has a substantial interest in judicial efficiency and ensuring arguments are properly preserved, but it has an equally important interest in ensuring that verdicts are supported by substantial evidence *855 and that justice is served. Here, the verdict director was not supported by substantial evidence. This Court should prioritize substance over form and find the argument is preserved.
Further, Employer made the requisite objection to Employee's proffered verdict director during the instructions conference as required by Rule 70.03. Under this rule, a party must state "distinctly the matter objected to and the grounds of the objection." Rule 70.03. Employer urged the trial court to submit an alternate verdict director expressly limiting the jury to consider only what steps Employer could have taken after it knew of Lovelace's presence on the parking lot. Employer argued:
The plaintiff correctly [acknowledged] there has to be a paragraph in there about sufficient time to act on the part of the defendant, after they should have either known he was violent or that his conduct[,] after they became aware of him[,] indicated danger that there was sufficient time after that to have prevented the shooting by Alan Lovelace. So what we put in there [i.e., proffered to the court in its instruction] is [Paragraph] Third: that sufficient time existed thereafter. Meaning after they became aware of [Lovelace].
Tr. 1204-05 (emphasis added). Employer also sufficiently stated the grounds for its objection-that the verdict director failed to comport with the known-person exception by asking "the jury to consider things that are outside the scope" of the exception. Tr. 1192-93. Employer made clear that Employee's instruction, which failed to limit the evidence to be considered under the known-person exception, improperly allowed evidence of what Employer knew or could have known before Lovelace entered the property. Employer clearly objected by stating, "we object to their proposed instruction." Tr. 1208. Because the issue is properly before this Court, its merits should be addressed.[2]
II. The Verdict Director Was Not Supported by Substantial Evidence
"Any issue submitted to the jury in an instruction must be supported by substantial evidence 'from which the jury could reasonably find such issue.' " Hayes v. Price , 313 S.W.3d 645, 650 (Mo. banc 2010). "Substantial evidence is evidence which, if true, is probative of the issues and from which the jury can decide the case." Id. The verdict director submitted by Employee was intended to be based on the known-person exception. For this exception to apply, the claimant must establish (1) the business owner knew of the third party's presence, (2) the business owner knew the third party presented danger, and (3) there was sufficient time for the business owner to protect its invitees. L.A.C. ex rel. D.C. v. Ward Parkway Shopping Ctr. Co., L.P. , 75 S.W.3d 247, 257 (Mo. banc 2002). Under this exception, a business owner has a duty to protect its invitees from foreseeable dangers brought by a known third party after that known party has entered the business property. No duty exists before the dangerous person has entered the business premises.[3]
Both parties agree the applicable duty of care in this case is based upon what Employer knew or could have known after Lovelace entered the property (the known-person exception). Because the verdict director did not instruct the jury to only consider evidence after Lovelace arrived, it failed to properly instruct on this exception. The verdict director required a finding *856 in Employee's favor if the jury found (1) Employer knew-or "by using ordinary care[,] could have known"-that Lovelace was on its property and posed a danger to Employee, (2) Employer failed to use ordinary care to notify law enforcement when the danger became apparent, and (3) there was sufficient time for Employer to take some action to prevent that danger. Accordingly, under the known-person exception, the appropriateness of the verdict director turns on whether there was substantial evidence that, after Lovelace had entered Employer's parking lot, Employer knew or could have known of his presence and of the danger he posed and there was sufficient time for Employer to take some action to protect Employee.
The majority opinion posits that Employer's argument-that the verdict director was not supported by substantial evidence-is appropriate only if making a submissibility-of-the-claim argument, but not if making a submissibility-of-the-instruction argument. Employer did not file a motion for a judgment notwithstanding the verdict as required to make a submissibility-of-the-claim argument. Sanders v. Ahmed , 364 S.W.3d 195, 207-08 (Mo. banc 2012). It did, however, make the requisite objections at the instruction conference and in its motion for new trial and appellate brief to preserve a submissibility-of-the-instruction argument.
The majority opinion classifies a submissibility-of-the-instruction challenge as an argument that an instruction should not be given because substantial evidence does not support an issue as provided by that instruction. op. at 850-51, n. 3. Despite the verdict director incorrectly instructing the jury, the majority opinion compares the mistaken verdict director language to the evidence adduced at trial and finds there was substantial evidence to support it. In effect, the majority opinion holds that even though the verdict director is contrary to Missouri law, the Court is constrained in its analysis to considering only whether the evidence adduced at trial, relevant or not, supports this incorrect verdict director. Here, though the verdict director did not properly instruct the jury on the substantive law of the known-person exception, the majority opinion elects to disregard this error in favor of evaluating the evidence under an incorrect legal standard.
The majority opinion cites to Hayes to support the proposition that this Court must compare the evidence to the language of the verdict director and, in so doing, disregard the verdict director's incorrect recitation of the elements of a claim. That is a misstatement of Hayes . Though Hayes does suggest the verdict director language should be compared to the evidence adduced at trial, unlike in this case, there was no dispute in Hayes that the proffered jury instruction correctly stated the law. 313 S.W.3d at 649.
The majority opinion also relies on State ex rel. Missouri Highway and Transportation Commission v. Our Savior Lutheran Church , 922 S.W.2d 816 (Mo. App. E.D. 1996), to further its argument that the evidence may only be compared to "the law as submitted in the court's instructions." 922 S.W.2d at 819. But Our Savior Lutheran Church also does not bind this Court to the verdict director's incorrect language. The court of appeals found a closing statement's misrepresentation of the law, which was immediately corrected, did not result in prejudice to the opposing party due to repeated iterations of the correct law throughout the trial, including jury instructions accurately stating the law. Id. Indeed, the majority opinion's chosen authority does not guide this Court to analyze a substantial evidence argument using a verdict director that clearly includes issues that are not correct elements of the submitted claim.
*857 But even making a comparison between the verdict director language and the evidence adduced at trial, the verdict director here was unsupported by substantial evidence because the evidence relevant to whether a duty exists after the known person enters the business premises is limited by the substantive law of the known-person exception.[4] This Court has found prejudicial error in the submission of a verdict director that did not adequately instruct the jury on the substantive law. Hervey v. Mo. Dept. of. Corr. , 379 S.W.3d 156 (Mo. banc 2012) (finding reversible error when verdict director did not require jury to find essential element of claim). "An instruction must be a correct statement of law." Spring v. Kansas City Area Transp. Auth. , 873 S.W.2d 224, 226 (Mo. banc 1994). To the extent a verdict director is not consistent with the law, it should not be given. See, e.g. , Clark v. Mo. & N. Ark. R.R. Co. , 157 S.W.3d 665, 672 (Mo. App. W.D. 2004) ("If an instruction following MAI conflicts with the substantive law, any court should decline to follow MAI."); State v. Beck , 167 S.W.3d 767, 778 (Mo. App. W.D. 2005), overruled on other grounds by State v. Bolden , 371 S.W.3d 802 (Mo. banc 2012) ("[T]o be in 'proper form' means that the instruction given must comport with substantive law."). Plaintiffs should not be allowed to recover on a basis unsupported by the relevant substantive law.
The verdict director, erroneously written, cannot invalidate the law governing this case. The only relevant evidence at trial-and the only evidence that may be considered here-is evidence of whether Employer knew or could have known of Lovelace's presence after he entered the property. There was no evidence Employer knew or could have known Lovelace was on its property before Employee was shot.[5] Lovelace surreptitiously entered the parking lot, hid in Employee's car, and shot her as she was leaving work. No other employee observed Lovelace on the premises, and security camera footage went unobserved. It was not until Lovelace shot Employee that his presence was within Employer's knowledge, and there was no evidence, much less substantial evidence, to support a submission of a claim that Employer breached its duty to act after this occurred. It was error to instruct the jury with Employee's verdict director.
Employee nevertheless argues Employer breached its ordinary duty of care by neglecting to enforce its precautionary internal protocols, and the evidence she presented involved these omissions. But these measures were steps that could have been taken before Lovelace entered the property. Under the known-person exception, Employer was under no duty to take precautionary measures, as its duty did not arise until after Lovelace entered the property and his danger was known. The Law of Premises Liability § 11.03[1], 11-6. This evidence cannot be considered, and, accordingly, it is not evidence that is "probative of the issues and from which the jury can decide the case."
Employer, having no legal duty to take precautionary measures set out in its protocol, was unaware of Lovelace's presence when he entered the parking lot. And because it had no such duty, it was error to allow the jury to consider whether Employer *858 could have known of Lovelace's presence before he entered the premises, as it misled and confused the jury.[6] The jury should only have considered what Employer knew or could have known after Lovelace's arrival. By submitting this verdict director, the trial court permitted the jury to impermissibly speculate about what Employer could have known before Lovelace entered the property and enter a verdict based upon inadequate evidence. This was error.
Conclusion
For these reasons, I would reverse the circuit court's judgment and remand for a new trial.

The majority opinion refers to this exception as the "first exception." The "second exception," or the unknown-person exception, imposes a duty on businesses that do not know of a third party's presence but, due to prior similar incidents, have reason to know that third persons may put their invitees at risk. The Law of Premises Liability § 11.03[1], 11-6.

The majority opinion's refusal to reach the merits in this case serves only to confuse business premises liability law in Missouri.

A duty only exists before the danger arises under the unknown-person exception.

In Hayes , though the Court compared the evidence with the jury instruction language, it did so keeping in mind the relevant substantive law. 313 S.W.3d at 650.

Evidence from before Lovelace's arrival on the property does not establish Employer knew or could have known of his presence on the premises at the time of the shooting. After all, it was Lovelace who obtained a temporary restraining order against Employee, and not the other way around.

A verdict should be reversed if the offending jury instruction "misdirected, misled, or confused the jury, resulting in prejudicial error." Harvey v. Washington , 95 S.W.3d 93, 97 (Mo. banc 2003).